### (May 31, 1973)

■ JOHN F. McALEVEY et al., Constituting the Town Board of the Town of Ramapo, Plaintiffs, v. CLARA WILLIAMS, as Town Assessor of the Town of Ramapo, Defendant.— This is a submission of a controversy upon an agreed statement of facts dated May 21, 1973, pursuant to CPLR 3222. Plaintiffs, who constitute the Town Board of the Town of Ramapo, contend, *inter alia,* that their discretion governs as to whether all real property situate in that town is to be assessed on its assessment roll to be completed on June 1, 1973 at full value or at such fractional percentage of full value as they might deem appropriate. Defendant, the Town Assessor of the Town of Ramapo, contends *inter alia,* that she, rather than the Town Board, has the statutory authority to fix the assessments on all real property in the town for said June 1, 1973 assessment roll. No issue is raised as to the market or full value of property in the town as found by defendant. We hold that defendant is entitled to judgment, without costs, declaring that she, as the town's Assessor, has the statutory authority uniformly and equally to assess all real property in the Town of Ramapo at full value or fractional value, as in her discretion she may determine. We do not agree with plaintiffs that assessment of real property in the Town of Ramapo at full or fractional value is a legislative function in which their discretion governs. The legislative mandate to the Town Assessor is to assess. The Assessor meets the mandate when he or she assesses all similar property at a uniform ratio, be it at full value or a percentage thereof (Real Property Tax

Law, § 102, subd. 3; *Matter of Drelich* v. *Kahn*, 60 Misc 2d 227, 229, 230, 231; *C.H.O.B. Assoc.* v. *Board of Assessors of County of Nassau*, 45 Misc 2d 184, 192, affd. 22 A D 2d 1015, affd. 16 N Y 2d 779). Munder, Acting P. J., Martuscello, Shapiro, Christ, and Brennan, JJ., concur.